UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:02 CR 495 CDP-1 |
| ) | |
| MICHAEL WASHINGTON, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

On January 4, 2024, this Court entered a Garnishee Order requiring defendant's employer, Autozone ("Garnishee"), to pay 25% of defendant's non-exempt disposable wages to the Clerk's Office as payment toward defendant's outstanding restitution obligation, which as of the date of plaintiff's last filing was $458,521.17.  ECF 831.  Thereafter, defendant sought leave to file an untimely objection to plaintiff's request for writ of garnishment.  ECF 832, 832-1.  Plaintiff does not oppose leave to file, so the motion for leave to file an objection to the request for writ of garnishment is granted.  ECF 832.  Upon due consideration of the objection (ECF 832-1) and plaintiff's response (ECF 837), defendant's objections to the request for writ of garnishment are overruled.

In August 2003, defendant pleaded guilty to one count of bank fraud in

violation of 18 U.S.C. §§ 1344(1) and 2.  ECF 397.  In March 2004, I entered an Amended Judgment sentencing defendant to a total of 144 months imprisonment, and a 5-year term of supervised release.  ECF 627.  I also ordered defendant to pay $512,495.77 in restitution and a special assessment of $100.00.  *Id*. at 5.  The Amended Judgment states, "$512,495.77 in Restitution is due immediately."  *Id.* at p. 6.  The Amended Judgment also provides a minimum payment schedule requiring defendant to pay "monthly installments of at least $200 with payments to commence no later than 30 days after the defendant's release from imprisonment." *Id*.

As demonstrated by his payment history, which has been attached as Exhibit 1 to plaintiff's opposition to defendant's objections, defendant did not pay the full amount of restitution immediately upon sentencing or during his incarceration.  ECF 837-1.  After his release from imprisonment on June 3, 2014, defendant did not make voluntary monthly restitution payments in the amount of $200.00 as required by the Judgment, either.  *Id.*  His restitution payment history was erratic while on supervised release and included many months where no payments were made.  *Id.*  Even when voluntary restitution payments were made, they were for less than the $200.00 amount.  *Id.*  Defendant's failure to make timely and minimum restitution payments was noted several times by the United

States Probation Office during supervision.  ECF 814, 820, 821, 822, and 824.  And once defendant's supervised release expired, he stopped making voluntary restitution payments altogether.  *Id.*  The only restitution payments received between May 2019 and October 2023 were involuntary payments received through the Treasury Offset Program.  *Id*.

After plaintiff initiated the wage garnishment directed toward the Garnishee, defendant made his first voluntary restitution payment in over four years in the amount of $25.00.  ECF 837-1.  All restitution payments received after November 2023 have been paid to the Clerk's Office by the Garnishee, not defendant.[1]  *Id*.

Defendant raises two arguments in his objection to wage garnishment.  First, defendant argues he cannot afford a 25% garnishment, thereby causing him an undue hardship.  ECF 832-1.  Second, defendant argues his employer frowns on garnishments, and the garnishment "could" result in his "eventual" termination.  *Id*. at p. 2.  Even if defendant had provided some evidence to support these arguments, they are legally insufficient objections to garnishment.

Pursuant to the Mandatory Victims Restitution Act ("MVRA"), an order of restitution is "a lien in favor of the United States on all property and rights to

---

[1] These payments are being held by the Clerk's Office pending resolution of defendant's objections and exceed $8,000.

3

property of the person. 18 U.S.C. § 3613(c).  The lien arises on the entry of the judgment and continues for 20 years or until the liability is satisfied . . . . " *Id.* "The United States may enforce a judgment imposing a fine [or restitution] in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." *Id.* at §§ 3613(a) and (f).  Likewise, "[a]n order of restitution may be enforced by the United States . . . by all other available and reasonable means." *Id.* at §§ 3613(f) and 3664(m)(1)(A).  "[A] judgment imposing a fine [or restitution] may be enforced against all property or rights to property of the person," subject only to certain types of exempt property and limited exceptions specifically listed therein. *Id.* at §§ 3613(a) and (f).  The MVRA's purpose is to collect full restitution for crime victims. *Dolan v. United States*, 560 U.S. 605, 612 (2010).

The Federal Debt Collection Procedures Act ("FDCPA") is a provision of federal law that may be utilized by the United States to enforce a restitution order in a criminal case. 28 U.S.C. § 3001–3308. 28 U.S.C. §§ 3001(a), (b); 3003(b)(2). The FDCPA includes a specific provision for garnishment. 28 U.S.C. § 3205. According to § 3205(a), "[a] court may issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person

other than the debtor, in order to satisfy the judgment against the debtor." 28 U.S.C. § 3205(a). The FDCPA states "[i]f the court determines that the requirements of [§ 3205] are satisfied, the court shall issue an appropriate writ of garnishment." 28 U.S.C. § 3205(c)(1). Furthermore, "[t]he writ shall state . . . [t]hat the garnishee shall withhold and retain any property in which the debtor has a substantial nonexempt interest and for which the garnishee is or may become indebted to the judgment debtor pending further order of the court." 28 U.S.C. § 3205(c)(2)(F). Plaintiff's enforcement of a restitution order under § 3613(a)(3) is limited by the Consumer Credit Protection Act ("CCPA"), which provides for a maximum wage garnishment of 25% of weekly earnings pursuant to 15 U.S.C. § 1673. *See* 18 U.S.C. § 3613(a)(3).

Pursuant to § 3202(d), a judgment debtor may move to quash a writ of garnishment and request a hearing on such a motion. 28 U.S.C. § 3202(d). In that regard, the FDCPA specifically states "[t]he issues at such hearing shall be limited" to only three determinations: (1) the validity of any claim of exemption; (2) the plaintiff's compliance with statutory requirements; and (3) the validity of default judgments. *Id.*; *see also*, *United States v. Smith*, 2004 WL 414822 at *1 (8th Cir. Mar. 8, 2004) (issues at FDCPA hearing are limited to three statutory bases); *United States v. Pugh*, 2003 WL 22048360, at *1 (8th Cir. Sept. 3, 2003) (limiting the issue

5

on remand to those listed in the statute and determining the restitution balance). Regarding any claim of exemption, the judgment debtor bears the burden of showing an alleged exemption applies to the property at issue. *See* 28 U.S.C. §§ 3202(b) and 3014(b)(2).

Here, there is no dispute that plaintiff is entitled to proceed under the FDCPA or that the writ of garnishment issued to Garnishee for the statutory maximum wage garnishment of 25 % of weekly earnings is authorized by statute and appropriate in this case. Defendant's financial circumstances are not a defense under § 3202(d). "Claims of financial hardship may not be considered in the context of determining whether to issue a writ of garnishment." *United States v. Jankowski*, Case No. 4:03CR681 SEP, ECF 89 at 4 (E.D. Mo. Apr. 12, 2024) (citing *United States v. Roberts*, 2017 WL 2928161, at *1 (W.D. Mo. Jun. 14, 2017) (holding that a defendant's claims of financial hardship are not within the court's purview when considering an application for writ of garnishment)); *United States v. Lawrence*, 538 F. Supp. 2d 1188, 1194 (D.S.D. 2008) ("consideration of Defendant's financial situation and/or the equities of the case are not subject to or within the purview of a garnishment hearing."); *United States v. Burke*, 2015 WL 4663315, at *2 (D. Minn. Aug. 4, 2015) ("hardship is not a defense to garnishment"); *United States v. Hubbard*, 2010 WL 2169073, at *3 (N.D. Iowa May 28, 2010), report and

6

recommendation adopted, 2010 WL 2540106, at *1 (N.D. Iowa June 21, 2010). And defendant's fear regarding his termination due to the garnishment order appears to have been unfounded given Garnishee's extended compliance with the Garnishee Order.

As defendant does not claim any valid exemptions to the wage garnishment, he is not entitled to a hearing and the motion for hearing will accordingly be denied. *See United States v. McCormac*, Case No. 4:21CR539 RWS, 2024 WL 4502233, at *5 (E.D. Mo. Oct. 16, 2024).

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for leave to file objection out of time [832] is granted.

**IT IS FURTHER ORDERED** that defendant's objection to request for writ of garnishment [832-1] and motion for hearing [833] are denied.

                                                             CATHERINE D. PERRY
                                                             UNITED STATES DISTRICT JUDGE

Dated this 2nd day of September, 2025.